UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES LAZONE HOLLYWOOD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:16CV171 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] and motion to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action [Doc. #1].

Specifically, the motion to hold this case in abeyance states that movant has sought leave from the Eighth Circuit Court of Appeals asking permission to file a petition under 28 U.S.C. §2255 in which to raise a claim that relies on *Johnson*, a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.[1]

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

---

[1] Movant filed a petition in the United States Court of Appeals for the Eighth Circuit on June 17, 2016. *See Hollywood v. United States*, No. 16-2729 (8th Cir. 2016).

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

When a second or successive habeas petition is filed in a District Court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion and in the interests of justice, transfer the motion to the Court of Appeals. *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002).[2]

Because movant has already filed an action with the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on *Johnson*, this Court will not transfer the instant action, but rather, will dismiss it without prejudice to refiling if, and when, movant obtains permission to do so.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to hold this case in abeyance pending a decision from the United States Court of Appeals for the Eighth Circuit on movant's petition to file a successive habeas action [Doc. #1] is **DENIED** without prejudice.

---

[2] The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

**IT IS FURTHER ORDERED** that movant's motion to vacate is **DENIED**, without prejudice, because movant has not yet obtained permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this Court. *See* 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Federal Public Defender.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of July, 2016.

                                             _____
                                             STEPHEN N. LIMBAUGH, JR.
                                             UNITED STATES DISTRICT JUDGE